1 | JOHN L. BURRIS (SBN #69888)
BENJAMIN NISENBAUM (SBN 222173)
2 | LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
3 | Oakland, California 94621
(510) 839-5200; FAX (510) 839-3882
4 | Email: john.burris@johnburrislaw.com

5 | JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK   (SBN# 114968)
6 | Law Offices of James B. Chanin
3050 Shattuck Avenue
7 | Berkeley, California 94705
(510) 848-4752; FAX: (510) 848-5819
8 | Email: jbcofc@aol.com

9 | Attorneys for Plaintiffs

**E-filing**

**FILED**

SEP 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

ADR

12 | ESTATE OF ANDREW WAHNEE
MOPPIN-BUCKSKIN; SONJA WAHNEE
13 | MOPPIN; MICHAEL MOPPIN; A.M.B., a
minor, by and through her guardian ad litem,
14 | Samantha Kalka; and A.W.M.B., a minor, by
and through his guardian ad litem, Samantha
15 | Kalka;

16 |             Plaintiffs,

17 | vs.

18 | CITY OF OAKLAND; HECTOR JIMENEZ,
individually and in his capacity as a police
officer for the City of Oakland; J. BORELLO,
individually and in her capacity as a police
officer for the City of Oakland; DOES 1-50,
inclusive,
             Defendants.

CASE NO: **C08-04328 MEJ**

**COMPLAINT FOR DAMAGES**
**(Violation of Civil Rights,**
**42 U.S.C. Section 1983; Wrongful Death)**

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

1

1

**JURISDICTION AND VENUE**

2

1.  This complaint alleges violations of the constitutional rights of ANDREW

3

WAHNEE MOPPIN-BUCKSKIN, deceased, his parents and minor children.  The complaint

4

seeks remedies pursuant to 42 U.S.C. Sections 1983.  Jurisdiction is conferred upon this Court

5

by 28 U.S.C. Sections 1331 and 1343.

6

**INTERDISTRICT ASSIGNMENT**

7

2.  The acts and/or omissions giving rise to plaintiffs' claims occurred within the

8

City of Oakland, County of Alameda, California.  Therefore, venue is proper in the Northern

9

District of California, San Francisco and/or Oakland Divisions pursuant to Local Rule 3-2(d).

10

**PARTIES**

11

3.  ANDREW WAHNEE MOPPIN-BUCKSKIN, is a Native American male.  He

12

was shot and killed by Defendant City of Oakland Police Officers, HECTOR JIMENEZ, J.

13

BORELLO and/or DOES 1-10 and/or each of them on or about December 31, 2007.  The

14

decedent died intestate without leaving a will.  To the extent that this action seeks to recover

15

damages for the violation of rights personal to ANDREW WAHNEE MOPPIN-BUCKSKIN,

16

this action is maintained on behalf of the ESTATE OF ANDREW WAHNEE MOPPIN-

17

BUCKSKIN by his successors in interest, A.M.B. and A.W.M.B., by and through their

18

guardian ad litem, SAMANTHA KALKA.  Said plaintiffs are persons with standing to bring

19

the within action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60

20

and California Probate Code Section 6402.

21

4.  Plaintiffs SONJA WAHNEE MOPPIN and MICHAEL MOPPIN are the parents

22

of the decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN.  SONJA WAHNEE MOPPIN

23

COMPLAINT FOR DAMAGES

24

2

1  and MICHAEL MOPPIN bring this action in their personal capacities for the violation of their

2  rights under the United States Constitution.

3      5.  Plaintiffs A.M.B. and A.W.M.B. are the minor children of the decedent,

4  ANDREW WAHNEE MOPPIN-BUCKSKIN, and bring this action in their personal capacities

5  for the violation of their rights under the United States Constitution and as successors in

6  interest to the ESTATE OF ANDREW WAHNEE MOPPIN-BUCKSKIN, by and through

7  their guardian ad litem, SAMANTHA KALKA.

8      6.  Defendant CITY OF OAKLAND was at all times mentioned herein, a

9  municipal corporation duly organized and existing under the laws of the State of California.

10      7.  Defendant HECTOR JIMENEZ (hereinafter Defendant JIMENEZ) or DOE 1,

11  was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is

12  sued herein in his individual and official capacities.

13      8.  Defendant J. BORELLO (hereinafter Defendant BORELLO) or DOE 2, was at

14  all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is sued

15  herein in her individual and officials capacities.

16      9.  Plaintiffs are ignorant of the true names and/or capacities of defendants sued

17  herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious

18  names. Plaintiffs will amend this complaint to allege their true names and capacities when

19  ascertained. Plaintiffs are informed and believe, and upon such information and belief allege

20  that each of the Doe defendants is legally responsible and liable for the incident, injuries and

21  damages hereinafter set forth, and that each of said defendants proximately caused said

22  incidents, injuries and damages by reason of their negligence, breach of duty, negligent

23                          COMPLAINT FOR DAMAGES

24                                      3

1    supervision, management or control, battery, violation of constitutional rights, violation of

2    public policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach

3    of duty, whether severally or jointly, or whether based upon agency, employment, ownership,

4    entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask

5    leave to amend this complaint to insert further charging allegations when such facts are

6    ascertained.

7            10.  In doing the acts alleged herein, Defendants, and each of them, acted within the

8    course and scope of their employment for the CITY OF OAKLAND.

9            11.  In doing the acts and/or omissions alleged herein, Defendants, and each of

10    them, acted under color of authority and/or under color of law.

11           12.  In doing the acts and/or omissions alleged herein, Defendants, and each of

12    them, acted as the agent, servant, employee and/or in concert with each of said other

13    Defendants herein.

14                           **STATEMENT OF FACTS**

15           13.  On or about the late evening/early morning of December 30-31, 2007,

16    Plaintiffs are informed and believe and thereon allege that Oakland Police Officers, Defendants

17    HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or each of them, shot and killed

18    ANDREW WAHNEE MOPPIN-BUCKSKIN (hereinafter, "the decedent"), following a

19    vehicle stop in the vicinity of 1228 47th Avenue and International Boulevard in Oakland,

20    California.

21           14.  Plaintiffs are further informed and believe and thereon allege that Defendants

22    JIMENEZ , BORELLO and/or DOES 1-10 and/or each of them, shot the decedent multiple

23                       COMPLAINT FOR DAMAGES

24                          4

1    times while he was unarmed and was not posing and threat of deadly force or serious bodily

2    harm to the officer(s) and/or to anyone else.

3              15. Plaintiffs are further informed and believe and thereon allege that no gun or

4    weapon of any kind was found to be in the possession of the decedent after he was shot and

5    killed.

6              16. Plaintiffs are further informed and believe and thereon allege that the use of

7    force, including the use of deadly force, by Defendants JIMENEZ, BORELLO, DOES 1-10

8    and/or each of them, caused the violation of decedent's rights and the personal rights of the

9    Plaintiffs under the United States Constitutions.

10             17. Plaintiffs are further informed and believe and thereon allege that they and the

11   decedent suffered the violation of their/his constitutional rights as a result of customs, policies,

12   or practices of Defendants CITY OF OAKLAND and/or DOES 11-50, and/or each of them,

13   individually and/or while acting in concert with one another, including, but not limited to,

14   customs, policies or practices which encouraged, ratified, authorized or condoned the use of

15   excessive force which foreseeably resulted in the violation of the rights of the decedent and/or

16   plaintiffs; customs, policies and/or practices of inadequate and/or inappropriate training in the

17   use of deadly force and/or in handling situations such as occurred in this case; customs,

18   policies and/or practices of conducting searches and/or seizures in violation of the United

19   States Constitution; customs, policies and/or practices of inadequate and/or inappropriate

20   supervision, control and/or discipline with respect to the use of force; customs, policies and/or

21   practices of subjecting young males, including males of certain racial and ethnic groups, in

22   Oakland to unnecessary and excessive force, unreasonable seizures and/or disparate and/or

23                              COMPLAINT FOR DAMAGES

24                                          5

1   discriminatory treatment because of their race, gender and/or age, and/or other customs,

2   policies and practices that caused and/or contributed to the cause of the violation of the

3   constitutional rights and/or other wrongful conduct that occurred in this case subject to

4   continuing discovery.

5       18. Plaintiffs are further informed and believe and thereon allege that Defendants

6   CITY OF OAKLAND, DOES 11-50 and/or each of them, tacitly or directly ratified, approved

7   and/or condoned the shooting of the decedent and the violation of the Plaintiffs' constitutional

8   rights and/or failed to take any or appropriate remedial action in response to this incident

9   despite the serious nature of the incident and the loss of life that occurred.

10      19. Plaintiffs are further informed and believe and thereon allege that prior to the

11  subject incident, Defendant CITY OF OAKLAND and/or Does 11-50 and/or each of them,

12  knew, or reasonably should have known, that Defendants JIMENEZ, BORELLO and/or DOES

13  1-10 and/or each of them, lacked appropriate and/or sufficient training and/or supervision in

14  the use of deadly force and that Defendant CITY OF OAKLAND and/or Does 11-50 and/or

15  each of them, were deliberately indifferent to the need to provide more or different training,

16  policies and/or supervision to said officers in the use of force, including the use of deadly

17  force.

18                          **STATEMENT OF DAMAGES**

19      20.  As a result of this incident, Plaintiffs, and each of them, sustained damages,

20  and will sustain in the future damages, including, but not limited to, damages for the violation

21  of their right to the familial association with the decedent, loss of the society, comfort,

22

23                          COMPLAINT FOR DAMAGES

24                                      6

1 | affection, association and support of the decedent; funeral, medical, burial and/or other

2 | damages to be determined according to proof.

3 | 21. The minor Plaintiffs, who are the successors in interest to the decedent, may

4 | also be entitled to recover damages for the loss of life suffered by the decedent as a result of

5 | the subject incident, punitive damages and/or other damages in amounts to be determined

6 | according to proof.

7 | 22. Plaintiffs are informed and believe and thereon allege that the acts and/or

8 | omissions of Defendants JIMENEZ, BORELLO or DOES 1-50 and/or each of them, were, or

9 | may have been. intentional, malicious, oppressive and/or done with a conscious or callous

10 | disregard for the safety and/or constitutional rights of the decedent and/or Plaintiffs which may

11 | thereby justify an award of punitive or exemplary damages in amounts to be determined

12 | according to proof.

13 | 23. Plaintiffs will also be entitled to an award of attorneys' fees and/or costs

14 | pursuant to statute(s) in the event that they are the prevailing parties in this action under 42

15 | U.S.C. Sections 1983 and 1988.

16 | **CLAIMS FOR RELIEF**

17 | **FIRST CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
18 | **(PLAINTIFFS A.M.B. and A.W.M.B., AS SUCCESSORS IN INTEREST TO THE**
**DECEDENT ANDREW WAHNEE MOPPIN-BUCKSKIN**
19 | **AGAINST DEFENDANTS HECTOR JIMENEZ, J. BORELLO AND/OR DOES 1-10)**

20 | 24. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through

21 | 23.

22 |

23 | COMPLAINT FOR DAMAGES

24 | 7

1    25. In doing the acts complained of herein, Defendants JIMENEZ, BORELLO

2    and/or DOES 1-10 and/or each of them,  individually and/or while acting in concert with one

3    another, did act under color of state law to deprive the decedent ANDREW WAHNEE

4    MOPPIN-BUCKSKIN of certain constitutionally protected rights, including, but not limited to,

5    the right not to be deprived of life or liberty without Due Process of Law; the right to be free

6    from unreasonable searches and/or seizures; the right to continued familial relationship,

7    association, comfort, society and affection of his parents and children; the right to be free from

8    discrimination based on race, age and/or gender; and/or the right to Equal Protection of the

9    Law.

10   26. Said rights are substantive guarantees under the Fourth and/or Fourteenth

11   Amendments to the United States Constitution.

12   27. As a result of the violation of the decedent's constitutional rights as alleged

13   herein, decedent suffered injuries and damages, including, but not limited to the loss of the

14   enjoyment of life; special damages, including, but not limited to, future income and wage loss;

15   funeral and burial expenses; interference with his right to the familial association, society,

16   comfort and affection with the Plaintiffs and other general and special damages to be

17   determined according to proof.

18   28. Plaintiffs are informed and believe and thereon allege that the acts and/or

19   omissions of Defendants JIMENEZ, BORELLO and/or DOES 1-10 and/or each of them, were

20   intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless

21   disregard for the rights of the decedent and/or Plaintiffs.  Therefore, Plaintiffs pray for an

22   award of punitive damages in amounts to be determined according to proof.

23                                COMPLAINT FOR DAMAGES

24
                                            8

29.  Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. SECTION 1983)
### (ALL PLAINTIFFS INDIVIDUALLY AGAINST
### DEFENDANTS JIMENEZ, BORELLO AND/OR DOES 1-10)

30. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 29.

31.  In doing the acts complained of herein, Defendants JIMENEZ, BORELLO and/or DOES 1-10, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the decedent as guaranteed by the Fourteenth Amendment to the United States Constitution.

32.  As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support, companionship and familial association of the decedent, pain, suffering and emotional distress, funeral and burial expenses, loss of income and/or support, in amounts to be determined according to proof.

33.  Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants JIMENEZ, BORELLO and/or DOES 1-10 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless

COMPLAINT FOR DAMAGES

9

1    disregard for the rights of the decedent and/or Plaintiffs.  Therefore, Plaintiffs pray for an

2    award of punitive damages in amounts to be determined according to proof.

3         34.  Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

4    42 U.S.C. Sections 1983, 1988 and/or other applicable law.

5         WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

6                          **THIRD CLAIM FOR RELIEF**
                          **(42 U.S.C. SECTION 1983)**
7         **(ALL PLAINTIFFS AGAINST THE CITY OF OAKLAND, DOES 11-50)**

8         35.  Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through

9    34.

10        36.  As against Defendants CITY OF OAKLAND and/or DOES 11-50, the

11   Plaintiffs, and each of them, allege that the violation of the constitutional rights of the Plaintiffs

12   and/or decedent as alleged heretofore were caused as a result of customs, policies and/or

13   practices of Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them.

14        37.  Plaintiffs are further informed and believe and thereon allege that prior to the

15   subject incident, Defendant CITY OF OAKLAND and/or DOES 11-50 and/or each of them,

16   were on actual notice of customs, policies, patterns and practices by members of the CITY OF

17   OAKLAND Police Department, including, but not limited to, policies which caused citizens to

18   subjected to unreasonable seizures, the use of excessive force, disparate and/or discriminatory

19   treatment based on race, gender and/or age.

20        38.  Plaintiffs are further informed and believe and thereon allege that despite said

21   notice, Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them, failed to

22   take any or appropriate remedial action to prevent ongoing violations of the rights of citizens

23                          COMPLAINT FOR DAMAGES

24                                   10

1   by members of its police department to prevent ongoing incidents involving unreasonable

2   seizures, the use of excessive force and/or disparate and/or discriminatory treatment based on

3   age, race and/or gender.

4       39. Plaintiffs are further informed and believe and thereon allege that prior to the

5   subject incident, Defendants CITY OF OAKLAND and/or DOES 11-50, and/or each of them,

6   knew, and/or reasonably should have known, that Defendants JIMENEZ, BORELLO and/or

7   DOES 1-10 and/or each of them, needed more and/or different training, supervision and/or

8   discipline in the use of force, including the use of deadly force, but failed to provide any or

9   adequate training supervision and/or discipline prior to the subject incident and/or were

10   deliberately indifferent to the need for more or different training, supervision, discipline and/or

11   policies relating to the use of force and/or the use of deadly force prior to the subject incident.

12       40. Plaintiffs are further informed and believe and thereon allege that Defendant

13   CITY OF OAKLAND and/or DOES 11-50 and/or each of them, ratified, approved and/or

14   condoned the violation of the constitutional rights of the Defendants and/or Plaintiffs as alleged

15   herein and, as of the date of this Complaint, have failed to take any remedial action as a result

16   of the shooting death of the decedent.

17       41. As a result of the aforesaid customs, policies, practices and/or ratification of

18   constitutional violations as alleged herein by Defendants CITY OF OAKLAND and/or DOES

19   11-50 and/or each of them, Plaintiffs and/or decedent suffered the violation of their

20   constitutional rights, including, but not limited to, the right to the right of the Plaintiffs and

21   decedent to the continued familial association, society, comfort, affection, support and

22   companionship between said Plaintiffs and decedent, the right to be free from unreasonable

COMPLAINT FOR DAMAGES

23

24       11

1    seizures, the right to privacy and personal security, the right not to be deprived of life or liberty

2    without Due Process of Law and/or the Right to Equal Protection of the Law which are

3    guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

4          42. As a result of the violation of the Plaintiffs' constitutional rights as alleged

5    herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages,

6    including general and special damages as more particularly described hereinabove and herein

7    below.

8          43. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

9    42 U.S.C. Sections 1983, 1988 and/or other applicable law.

10         WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

11

**FOURTH CLAIM FOR RELIEF**
**(WRONGFUL DEATH)**

12

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

13          44. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through

14    43.

15          45. At all times mentioned in this Complaint, defendants, and each of them, had a

16    duty to use reasonable care to avoid causing foreseeable harm to decedent and to refrain from

17    committing intentional torts against decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN.

18          46. Defendants HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or

19    each of them, breached said duty while acting within the course and scope of their employment

20    for defendant CITY OF OAKLAND by negligently using excessive and deadly force against

21    the decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN, causing decedent's death and/or

22    by committing intentional acts against decedent, ANDREW WAHNEE MOPPIN-

23         COMPLAINT FOR DAMAGES

24             12

1    BUCKSKIN, including, but not limited to, by violating California Civil Code Sections 51.7

2    and/or 52.1.

3         47.   Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them,

4    breached their duty to use reasonable care by negligently hiring, training, retaining, supervising

5    and disciplining defendants HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or

6    each of them.  In doing the acts alleged herein, defendants CITY OF OAKLAND and/or DOES

7    11-50 and/or each of them, caused and/or contributed to the cause of, decedent's death.

8         48.   Plaintiffs and/or each of them, were dependent upon decedent for financial

9    support, love, society, comfort, companionship and affection.  As a result of the negligence

10    and/or intentional torts of defendants and/or each of them, said plaintiffs have, and/or will in

11    the future, suffer pecuniary damage in amounts to be determined according to proof.

12         49.   Plaintiffs are informed and believe and thereon allege that the acts and/or

13    omissions of defendants HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or each of

14    them, which caused the death of decedent, were intentional, malicious, oppressive, fraudulent

15    and/or done with a conscious or reckless disregard for the safety and life of the decedent.

16         50.   Pursuant to California Civil Code Sections 51.7, 52 and/or 52.1, Plaintiffs

17    and/or each of them, are entitled to an award of attorneys' fees, costs and/or statutory damages

18    in amounts to be determined according to proof.

19       WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

20              **COMPLIANCE WITH TORT CLAIM REQUIREMENT**

21         51.  Pursuant to the California Tort Claims Act, plaintiffs presented a timely Tort

22    Claim to the City of Oakland.  Said Tort Claim was rejected by the City of Oakland.

                     COMPLAINT FOR DAMAGES

23

24                              13

1    **JURY TRIAL DEMAND**

2    52. Plaintiffs hereby demand a jury trial.

3    **PRAYER**

4    WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

5    follows:

6    1.    General damages in the amount of $10 million dollars or in an amount to be

7    determined according to proof;

8    2.    Special damages, including but not limited to, past, present and/or future wage

9    loss, income and support, medical expenses, funeral and burial expenses and/or other special

10    damages in amounts to be determined according to proof;

11    3.    Attorneys' fees pursuant to statutes;

12    4.    Costs of suit;

13    5.    Punitive and exemplary damages in amounts to be determined according to proof

14    as to Defendants JIMENEZ, BORELLO and/or DOES 1-50, and/or each of them;

15    6.    For prejudgment interest as permitted by law;

16    7.    For such other and further relief as the Court may deem just and proper.

17

18    DATED:

19    September 9, 2008

       JOHN L. BURRIS
20    Attorney for Plaintiffs

21    September 9, 2008

       JAMES B. CHANIN
22    Attorney for Plaintiffs

23    COMPLAINT FOR DAMAGES

24    14