1
2   JOHN L. BURRIS (SBN# 69888)
    BENJAMIN NISENBAUM (SBN 222173)
    LAW OFFICES OF JOHN L. BURRIS
3   Airport Corporate Centre
    7677 Oakport Street, Suite 1120
    Oakland, California 94621
4   Telephone: (510) 839-5200
    Facsimile: (510) 839-3882
5   Email:  John.Burris@johnburrislaw.com

6   JAMES B. CHANIN (SBN 76043)
    JULIE M. HOUK     (SBN 114968)
    Law Offices of James B. Chanin
7   3050 Shattuck Avenue
    Berkeley, California  94705
8   Telephone: (510) 848-4752, Ex. 2
    Facsimile:  (510) 848-5819
9   Email: jbcofc@aol.com

10  Attorneys for Plaintiffs

11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16

17  ESTATE  OF ANDREW WAHNEE            )   CASE NO:  C08-04328 CW
    MOPPIN-BUCKSKIN, et al.,            )
18                                      )   **STIPULATION AND ~~[PROPOSED]~~**
              Plaintiffs,              )   **PROTECTIVE ORDER RE: CITY OF**
19                                      )   **OAKLAND POLICE DEPARTMENT**
                                        )   **PERSONNEL, CRIMINAL**
20                                      )   **INVESTIGAION, SHOOTING BOARD,**
                                        )   **INTERNAL AFFAIRS AND DISCIPLINE**
21  vs.                                 )   **RECORDS**
                                        )
22                                      )
    CITY OF OAKLAND, et al.,            )
23                                      )
              Defendants.               )
24  ─────────────────────────────────  )

25          Plaintiffs and Defendants, by and through their attorneys of record, do hereby stipulate to

26  the following protective order:

27

28

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limitation information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained;

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things qualify for protection under standards developed under F.R.Civ. P. 26(c). This material includes, but is not limited to:

a) Personnel files, training, discipline, administrative hearings (e.g., Skelly Hearings and/or Arbitrations), complaint and/or other files regarding Defendants HECTOR JIMENEZ and

J. BORELLO for a period covering the dates of their employment with the Oakland Police

Department through and including the date of this Order;

b)  Internal Affairs, Shooting Boards, Administrative Hearings (e.g., Skelly Hearings and

Arbitrations) and Criminal Investigation files pertaining to complaints regarding Defendants

HECTOR JIMENEZ and J. BORELLO, including complaints concerning performance of duty,

untruthfulness, fraud, abuse of authority, false arrest, fabrication of evidence, excessive force,

report writing, racial profiling, racial discrimination, racially disparate treatment, incidents in

which Defendants HECTOR JIMENEZ and/or J. BORELLO shot anyone while on duty as a

member of the City of Oakland Police Department from December 31, 2002 through and

including December 31, 2007.

c)  Any Internal Affairs, Criminal Investigations, Shooting Boards, Administrative

Hearings (e.g., Skelly Hearings and/or Arbitrations), personnel files and/or other Oakland Police

Department files pertaining to the incidents in which Defendants Hector Jimenez and/or J.

Borello shot anyone while on duty as a member of the City of Oakland Police Department from

December 31, 2002 through and including December 31, 2007..

2.4    "Highly Confidential-Attorneys' Eyes Only" Information or Items:

extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

non-party would create a substantial risk of serious injury that could not be avoided by less

restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery

Material in this action.

Stipulated Protective Order
Estate of Moppin-Buckskin, et al. v. City of Oakland, et al.
Case No C08-04328 CW            3

2.7.   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys Eyes Only."

2.8.   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

2.9.   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10.   <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11   <u>Counsel (without qualifier)</u>:   Outside Counsel and House Counsel (as well as their support staffs).

2.12.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>:  person or entities that provide litigation support services (<u>e.g.</u>, photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Materials for Protection.</u>  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, <u>e.g.</u>, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

material that qualified for protection under the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of

protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriate designated for protection with the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protection portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u>  Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chose designation.  A challenging

Stipulated Protective Order
Estate of Moppin-Buckskin, et al. v. City of Oakland, et al.
Case No C08-04328 CW          8

Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection tow which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL: Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional venders to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound as specified above;

(f) the author the document or the original source of the information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u> <u>Information or Items.</u>  Unless otherwise ordered by the court or permitted in writing by the Designating Party, Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) the Court and it's personnel;

(c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(d) the author of the document or the original source of the information.

### 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designation Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its confidential material—and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all of the terms

of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.  Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested persons, a

Party may not in the public record in this action any Protected material.  A Party that seeks to file

under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

Producing Party, within sixty days after the final termination of this action, each Receiving Party

must return all Protected Material to the Producing Party, as used in this subdivision, "all

Protected Material" includes all copies, abstracts compilations, summaries or any other form of

reproducing or capturing any of the Protected Material.  With permission in writing from the

Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

or returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity,

to the Designating Party) by the sixty day deadline that identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and that affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain Protected

Material.  Any such archival copies that contain or constitute Protected Material remain subject

to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective

Order, no Party waives any right it otherwise would have to object to disclosing or producing

any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the

material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD,


DATED:  December 15, 2008

By: _____
JAMES B. CHANIN
Attorney for Plaintiff

DATED:  December 16, 2008

By: _____
STEPHEN Q. ROWELL
Attorney for Defendants
City of Oakland and J. Borello

1  DATED:  December 15, 2008                    By _____

2                                                  JOHN VERBER

3                                                  Attorney for Defendant

4                                                  Hector Jimenez

5

6  PURSUANT TO STIPULATION, IT IS SO ORDERED.

7  DATED: December ___, 2008

8

9                                 _____

10                                 CLAUDIA WILKEN

11                                  Judge of the United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Protective Order
Estate of Moppin-Buckskin, et al. v. City of Oakland, et al.
Case No C08-04328 CW                    14

1     DATED:  December ___, 2008

2                           By_____

3                                 JOHN VERBER
                                Attorney for Defendant
                                Hector Jimenez

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: December __, 2008

_____
CLAUDIA WILKEN
Judge of the United States District Court

Stipulated Protective Order
Estate of Moppin-Buckskin, et al. v. City of Oakland, et al.
Case No C08-04328 CW         14

1

2

## EXHIBIT A

3

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

5

I, _____[print or type full name], of

6

_____[print or type full address], declare under penalty of

7

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

8

issued by the United States Court for the Northern District of California on

9

10

_____[date] in the case of *Estate of Moppin-Buckskin, et al., v. City of*

11

*Oakland, et al.*, Case No. C08-04328 CW.  I agree to comply with and be bound by all the terms

12

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

13

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

14

I will not disclose in any manner any information or item that is subject to this Stipulated

15

Protective Order to any person or entity except in strict compliance with the provisions of this

16

Order.

17

I further agree to submit to the jurisdiction of the United States District for the Northern

18

19

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

20

even if such enforcement proceedings occur after termination of this action.

21

I hereby appoint_____[print or type full name] of

22

23

_____[print or type full address and telephone

24

number] as my California agent for service of process in connection with this action or any

25

26

27

28

Stipulated Protective Order
Estate of Moppin-Buckskin, et al. v. City of Oakland, et al.
Case No C08-04328 CW                    15

1  proceedings related to enforcement of this Stipulated Protective Order.

2

3  Date:_____

4  City and State where sworn and signed:_____

5
   Printed name:_____
6                  [printed name]

7

8  Signature:_____
                  [signature]
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28