JOHN L. BURRIS (SBN #69888)
BENJAMIN NISENBAUM (SBN 222173)
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200; FAX (510) 839-3882
Email: john.burris@johnburrislaw.com

JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK   (SBN# 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
(510) 848-4752; FAX: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANDREW WAHNEE MOPPIN-BUCKSKIN; SONJA WAHNEE MOPPIN; MICHAEL MOPPIN; A.M.B., a minor, by and through her guardian ad litem, Samantha Kalka; and A.W.M.B., a minor, by and through his guardian ad litem, Samantha Kalka;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND; HECTOR JIMENEZ, individually and in his capacity as a police officer for the City of Oakland; J. BORELLO, individually and in her capacity as a police officer for the City of Oakland; **BARRY HOFMAN, individually and in his capacity as a sergeant of police for the City of Oakland;** DOES 4-50, inclusive,<br><br>Defendants. | CASE NO:  C08-04328 CW ADR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>(Violation of Civil Rights,<br>42 U.S.C. Section 1983; Wrongful Death)<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This complaint alleges violations of the constitutional rights of ANDREW WAHNEE MOPPIN-BUCKSKIN, deceased, his parents and minor children. The complaint seeks remedies pursuant to 42 U.S.C. Sections 1983. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343.

## INTERDISTRICT ASSIGNMENT

2. The acts and/or omissions giving rise to plaintiffs' claims occurred within the City of Oakland, County of Alameda, California. Therefore, venue is proper in the Northern District of California, San Francisco and/or Oakland Divisions pursuant to Local Rule 3-2(d).

## PARTIES

3. ANDREW WAHNEE MOPPIN-BUCKSKIN, is a Native American male. He was shot and killed by Defendant City of Oakland Police Officers, HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or each of them on or about December 31, 2007. The decedent died intestate without leaving a will. To the extent that this action seeks to recover damages for the violation of rights personal to ANDREW WAHNEE MOPPIN-BUCKSKIN, this action is maintained on behalf of the ESTATE OF ANDREW WAHNEE MOPPIN-BUCKSKIN by his successors in interest, A.M.B. and A.W.M.B., by and through their guardian ad litem, SAMANTHA KALKA. Said plaintiffs are persons with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30.and 377.60 and California Probate Code Section 6402.

4. Plaintiffs SONJA WAHNEE MOPPIN and MICHAEL MOPPIN are the parents of the decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN. SONJA WAHNEE MOPPIN

1  and MICHAEL MOPPIN bring this action in their personal capacities for the violation of their

2  rights under the United States Constitution.

3      5. Plaintiffs A.M.B. and A.W.M.B. are the minor children of the decedent,

4  ANDREW WAHNEE MOPPIN-BUCKSKIN, and bring this action in their personal capacities

5  for the violation of their rights under the United States Constitution and as successors in

6  interest to the ESTATE OF ANDREW WAHNEE MOPPIN-BUCKSKIN, by and through

7  their guardian ad litem, SAMANTHA KALKA.

8      6. Defendant CITY OF OAKLAND was at all times mentioned herein, a

9  municipal corporation duly organized and existing under the laws of the State of California.

10      7. Defendant HECTOR JIMENEZ (hereinafter Defendant JIMENEZ) or DOE 1,

11  was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is

12  sued herein in his individual and official capacities.

13      8. Defendant J. BORELLO (hereinafter Defendant BORELLO) or DOE 2, was at

14  all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is sued

15  herein in her individual and official capacities.

16      9. **Defendant BARRY HOFMAN (hereinafter Defendant HOFMAN) is sued**

17  **herein in place of DOE 3. Defendant HOFMAN was at all times herein mentioned, a**

18  **Sergeant of Police for Defendant CITY OF OAKLAND and is sued herein in his**

19  **individual and official capacities.**

20      10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued

21  herein as DOES **4** through 50, inclusive, and therefore sues said defendants by such fictitious

22  names. Plaintiffs will amend this complaint to allege their true names and capacities when

23
24  Estate of Moppin-Buckskin V. City Of Oakland, et al., Case No. C 08-04323 CW ADR
First Amended Complaint For Damages
3

ascertained. Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

### STATEMENT OF FACTS

14. On or about the late evening/early morning of December 30-31, 2007, Plaintiffs are informed and believe and thereon allege that Oakland Police Officers, Defendants HECTOR JIMENEZ, J. BORELLO and/or DOES 1-10 and/or each of them, shot and killed ANDREW WAHNEE MOPPIN-BUCKSKIN (hereinafter, "the decedent"), following a

vehicle stop in the vicinity of 1228 47th Avenue and International Boulevard in Oakland, California.

15. Plaintiffs are further informed and believe and thereon allege that Defendants JIMENEZ , BORELLO and/or DOES 1-10 and/or each of them, shot the decedent multiple times while he was unarmed and was not posing and threat of deadly force or serious bodily harm to the officer(s) and/or to anyone else.

16. Plaintiffs are further informed and believe and thereon allege that no gun or weapon of any kind was found to be in the possession of the decedent after he was shot and killed.

17. Plaintiffs are further informed and believe and thereon allege that the use of force, including the use of deadly force, by Defendants JIMENEZ, BORELLO, DOES 1-10 and/or each of them, caused the violation of decedent's rights and the personal rights of the Plaintiffs under the United States Constitutions.

18. **Plaintiffs are further informed and believe and thereon allege that Defendant HOFMAN was the most senior member of the City of Oakland Police Department present at the scene of the subject incident.**

19. **Plaintiffs are further informed and believe and thereon allege that Defendant HOFMAN acted in a conscious and/or reckless disregard for the rights of the decedent by failing to take control of the scene, by issuing commands and taking certain actions that foreseebly increased the risk of, and put the decedent in foreseeable danger of, being subjected to unreasonable deadly force by Defendants BORELLO and/or**

**JIMENEZ and/or by otherwise acting with a conscious and/or reckless disregard for the safety and Constitutional rights of the decedent.**

20. Plaintiffs are further informed and believe and thereon allege that they and the decedent suffered the violation of their/his constitutional rights as a result of customs, policies, or practices of Defendants CITY OF OAKLAND and/or DOES 11-50, and/or each of them, individually and/or while acting in concert with one another, including, but not limited to, customs, policies or practices which encouraged, ratified, authorized or condoned the use of excessive force which foreseeably resulted in the violation of the rights of the decedent and/or plaintiffs; customs, policies and/or practices of inadequate and/or inappropriate training in the use of deadly force and/or in handling situations such as occurred in this case; customs, policies and/or practices of conducting searches and/or seizures in violation of the United States Constitution; customs, policies and/or practices of inadequate and/or inappropriate supervision, control and/or discipline with respect to the use of force; customs, policies and/or practices of subjecting young males, including males of certain racial and ethnic groups, in Oakland to unnecessary and excessive force, unreasonable seizures and/or disparate and/or discriminatory treatment because of their race, gender and/or age, and/or other customs, policies and practices that caused and/or contributed to the cause of the violation of the constitutional rights and/or other wrongful conduct that occurred in this case subject to continuing discovery.

21. Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF OAKLAND, DOES 11-50 and/or each of them, tacitly or directly ratified, approved and/or condoned the shooting of the decedent**, the acts and/or omissions of Defendant**

**Hofman,** and**/or** the violation of the Plaintiffs' constitutional rights and/or failed to take any or appropriate remedial action in response to this incident despite the serious nature of the incident and the loss of life that occurred.

22. Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND and/or Does 11-50 and/or each of them, knew, or reasonably should have known, that Defendants JIMENEZ, BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of them, lacked appropriate and/or sufficient training and/or supervision in the use of deadly force**, vehicle stops, felony stops, non-compliant suspects, fleeing, barricaded, concealed and/or resistive suspects and/or in responding to incidents such as the instant one** and that Defendant CITY OF OAKLAND and/or Does 11-50 and/or each of them, were deliberately indifferent to the need to provide more or different training, policies and/or supervision to said officers.

## STATEMENT OF DAMAGES

23. As a result of this incident, Plaintiffs, and each of them, sustained damages, and will sustain in the future damages, including, but not limited to, damages for the violation of their right to the familial association with the decedent, loss of the society, comfort, affection, association and support of the decedent; funeral, medical, burial and/or other damages to be determined according to proof.

24. The minor Plaintiffs, who are the successors in interest to the decedent, may also be entitled to recover damages for the loss of life suffered by the decedent as a result of the subject incident, punitive damages and/or other damages in amounts to be determined according to proof.

25. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants JIMENEZ, BORELLO**, HOFMAN** or DOES **4**-50 and/or each of them, were, or may have been. intentional, malicious, oppressive and/or done with a conscious or callous disregard for the safety and/or constitutional rights of the decedent and/or Plaintiffs which may thereby justify an award of punitive or exemplary damages in amounts to be determined according to proof.

26. Plaintiffs will also be entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Sections 1983 and 1988.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
**(PLAINTIFFS A.M.B. and A.W.M.B., AS SUCCESSORS IN INTEREST TO THE DECEDENT ANDREW WAHNEE MOPPIN-BUCKSKIN**
**AGAINST DEFENDANTS HECTOR JIMENEZ, J. BORELLO, HOFMAN AND/OR DOES 4-10)**

27. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **26**.

28. In doing the acts complained of herein, Defendants JIMENEZ, BORELLO**, HOFMAN** and/or DOES **4**-10 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the decedent ANDREW WAHNEE MOPPIN-BUCKSKIN of certain constitutionally protected rights, including, but not limited to, the right not to be deprived of life or liberty without Due Process of Law; the right to be free from unreasonable searches and/or seizures; the right to continued familial relationship, association, comfort, society and affection of his parents and children; the right to

1  be free from discrimination based on race, age and/or gender; and/or the right to Equal

2  Protection of the Law.

3      29. Said rights are substantive guarantees under the Fourth and/or Fourteenth

4  Amendments to the United States Constitution.

5      30. As a result of the violation of the decedent's constitutional rights as alleged

6  herein, decedent suffered injuries and damages, including, but not limited to the loss of the

7  enjoyment of life; special damages, including, but not limited to, future income and wage loss;

8  funeral and burial expenses; interference with his right to the familial association, society,

9  comfort and affection with the Plaintiffs and other general and special damages to be

10 determined according to proof.

11     31. Plaintiffs are informed and believe and thereon allege that the acts and/or

12 omissions of Defendants JIMENEZ, BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of

13 them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or

14 reckless disregard for the rights of the decedent and/or Plaintiffs. Therefore, Plaintiffs pray for

15 an award of punitive damages in amounts to be determined according to proof.

16     32. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

17 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

18     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
**(ALL PLAINTIFFS INDIVIDUALLY AGAINST**
**DEFENDANTS JIMENEZ, BORELLO, HOFMAN AND/OR DOES 4-10)**

    33. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **32**.

Estate of Moppin-Buckskin V. City Of Oakland, et al., Case No. C 08-04323 CW ADR
First Amended Complaint For Damages
9

34. In doing the acts complained of herein, Defendants JIMENEZ, BORELLO**,** **HOFMAN** and/or DOES **4**-10, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the decedent as guaranteed by the Fourteenth Amendment to the United States Constitution.

35. As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages, including, but not limited to, loss of comfort, affection, society, support, companionship and familial association of the decedent, pain, suffering and emotional distress, funeral and burial expenses, loss of income and/or support, in amounts to be determined according to proof.

36. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants JIMENEZ, BORELLO**, HOFMAN** and/or DOES **4**-10 and/or each of them, were intentional, malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the rights of the decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages in amounts to be determined according to proof.

37. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. SECTION 1983)
### (ALL PLAINTIFFS AGAINST THE CITY OF OAKLAND, DOES 11-50)

38. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 37.

39. As against Defendants CITY OF OAKLAND and/or DOES 11-50, the Plaintiffs, and each of them, allege that the violation of the constitutional rights of the Plaintiffs and/or decedent as alleged heretofore were caused as a result of customs, policies and/or practices of Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them.

40. Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendant CITY OF OAKLAND and/or DOES 11-50 and/or each of them, were on actual notice of customs, policies, patterns and practices by members of the CITY OF OAKLAND Police Department, including, but not limited to, policies which caused citizens to subjected to unreasonable seizures, the use of excessive force, disparate and/or discriminatory treatment based on race, gender and/or age.

41. Plaintiffs are further informed and believe and thereon allege that despite said notice, Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them, failed to take any or appropriate remedial action to prevent ongoing violations of the rights of citizens by members of its police department to prevent ongoing incidents involving unreasonable seizures, the use of excessive force and/or disparate and/or discriminatory treatment based on age, race and/or gender.

42. Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendants CITY OF OAKLAND and/or DOES 11-50, and/or each of them, knew, and/or reasonably should have known, that Defendants JIMENEZ, BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of them, needed more and/or different training,

supervision and/or discipline in the use of force, including the use of deadly force, **vehicle stops, felony stops, fleeing, barricaded, concealed and/or resistive suspects, non-compliant suspects and/or with respect to responding to incidents such as the instant one**, but failed to provide any or adequate training supervision and/or discipline prior to the subject incident and/or were deliberately indifferent to the need for more or different training, supervision, discipline and/or policies relating to the use of force and/or the use of deadly force prior to the subject incident.

43. Plaintiffs are further informed and believe and thereon allege that Defendant CITY OF OAKLAND and/or DOES 11-50 and/or each of them, ratified, approved and/or condoned the violation of the constitutional rights of the Defendants and/or Plaintiffs as alleged herein and, as of the date of this Complaint, have failed to take any remedial action as a result of the shooting death of the decedent.

44. As a result of the aforesaid customs, policies, practices and/or ratification of constitutional violations as alleged herein by Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them, Plaintiffs and/or decedent suffered the violation of their constitutional rights, including, but not limited to, the right to the right of the Plaintiffs and decedent to the continued familial association, society, comfort, affection, support and companionship between said Plaintiffs and decedent, the right to be free from unreasonable seizures, the right to privacy and personal security, the right not to be deprived of life or liberty without Due Process of Law and/or the Right to Equal Protection of the Law which are guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

45. As a result of the violation of the Plaintiffs' constitutional rights as alleged herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages, including general and special damages as more particularly described hereinabove and herein below.

46. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. Sections 1983, 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (WRONGFUL DEATH)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

47. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through **46**.

48. At all times mentioned in this Complaint, defendants, and each of them, had a duty to use reasonable care to avoid causing foreseeable harm to decedent and to refrain from committing intentional torts against decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN.

49. Defendants HECTOR JIMENEZ, J. BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of them, breached said duty while acting within the course and scope of their employment for defendant CITY OF OAKLAND by negligently **causing** excessive and deadly force **to be used** against the decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN, causing decedent's death and/or by committing intentional acts against decedent, ANDREW WAHNEE MOPPIN-BUCKSKIN, including, but not limited to, by violating California Civil Code Sections 51.7 and/or 52.1.

50. Defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them, breached their duty to use reasonable care by negligently hiring, training, retaining, supervising and disciplining defendants HECTOR JIMENEZ, J. BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of them. In doing the acts alleged herein, defendants CITY OF OAKLAND and/or DOES 11-50 and/or each of them, caused and/or contributed to the cause of, decedent's death.

51. Plaintiffs and/or each of them, were dependent upon decedent for financial support, love, society, comfort, companionship and affection. As a result of the negligence and/or intentional torts of defendants and/or each of them, said plaintiffs have, and/or will in the future, suffer pecuniary damage in amounts to be determined according to proof.

52. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of defendants HECTOR JIMENEZ, J. BORELLO, **HOFMAN** and/or DOES **4**-10 and/or each of them, which caused the death of decedent, were intentional, malicious, oppressive, fraudulent and/or done with a conscious or reckless disregard for the safety and life of the decedent.

53. Pursuant to California Civil Code Sections 51.7, 52 and/or 52.1, Plaintiffs and/or each of them, are entitled to an award of attorneys' fees, costs and/or statutory damages in amounts to be determined according to proof.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## COMPLIANCE WITH TORT CLAIM REQUIREMENT

54. Pursuant to the California Tort Claims Act, plaintiffs presented a timely Tort Claim to the City of Oakland. Said Tort Claim was rejected by the City of Oakland.

# JURY TRIAL DEMAND

55. Plaintiffs hereby demand a jury trial.

# PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages in the amount of $10 million dollars or in an amount to be determined according to proof;

2. Special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, funeral and burial expenses and/or other special damages in amounts to be determined according to proof;

3. Attorneys' fees pursuant to statutes;

4. Costs of suit;

5. Punitive and exemplary damages in amounts to be determined according to proof as to Defendants JIMENEZ, BORELLO, **HOFMAN** and/or DOES **4**-50, and/or each of them;

6. For prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.


DATED:

**April ___, 2009**                                    _____/S/_____
                                                        JOHN L. BURRIS
                                                        Attorney for Plaintiffs

                                                        _____/S/_____
**April ___, 2009**                                    JAMES B. CHANIN
                                                        Attorney for Plaintiffs

Estate of Moppin-Buckskin V. City Of Oakland, et al., Case No. C 08-04323 CW ADR
First Amended Complaint For Damages

15